**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RASHID BRADLEY,** | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:17-0707 |
| v. | : |
| | : (Judge Mannion) |
| **WARDEN, USP-LEWISBURG,** | : |
| Respondent | : |

**MEMORANDUM**

Petitioner, Rashid Bradley, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2010 sentence imposed by the United States District Court for the Eastern District of Pennsylvania. Id. Specifically, he requests that his "sentence must be vacated for resentencing without the ACCA enhancement." Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

**I.    Background**

On April 14, 2009, Bradley was indicted in the Eastern District of Pennsylvania for being a felon in possession of a firearm in violation of 18

U.S.C. §§922(g)(1) and 924(e)(1). United States v. Bradley, No. 2:09-CR-00246 (E.D. Pa.).

On April 8, 2010, after a jury trial, Bradley was found guilty of being a convicted felon in possession of a firearm. Id.

On July 7, 2010, Bradley was sentenced. Id. Under 18 U.S.C. §924(e)(1), Bradley faced a mandatory minimum sentence of fifteen years because he had three previous convictions for serious drug offenses committed on different occasions: possession of cocaine with intent to deliver, in violation of 35 Pa. Cons.Stat. §780–113(a)(30). United States v. Bradley, 505 F. App'x 220, 221 (3d Cir. 2012)

Under U.S.S.G. §4B1.4, Bradley's offense level was 33. Id. With a criminal history category of IV, Bradley's sentencing guideline range was 188–235 months' imprisonment. Id. The District Court denied a downward departure from the guideline range. Id. But after noting that some 18 U.S.C. §3553(a) factors might weigh in favor of a reduced sentence, the court imposed the statutory mandatory minimum sentence of 180 months. Id.

Bradley filed a *pro se* appeal contending the mandatory minimum sentence does not apply to him because the third of his state convictions, for an offense committed in October, 1997, was for mere possession of cocaine,

2

not possession with intent to deliver. Id.

The United States Court of Appeals for the Third Circuit rejected Bradley's contention, noting that the Government had produced certified copies of Bradley's convictions of "possession with intent to deliver – twice in 1996 and once in 1997, in violation of 35 Pa. Cons. Stat. §780–113(a)(30). Since all three offenses involved cocaine, they were each punishable by a term of imprisonment 'not exceeding ten years.' Id., §780-113(f)(1.1)." Bradley, 505 F. App'x at 221-22. As such, Bradley had three serious drug offenses and was properly sentenced under the ACCA. Id.

On March 4, 2014, Bradley filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. §2255. Id. As alleged in the instant petition, Bradley claimed that his Armed Career Criminal Act ("ACCA") sentence was in error because the jury had not been presented with evidence of his three state convictions of possession of cocaine with intent to deliver and because the convictions should not have been treated as separate convictions since they were consolidated for sentencing purposes. United States v. Bradley, No. 2:09-CR-00246 (E.D. Pa.).

By Order dated July 17, 2014, the sentencing court dismissed Bradley's §2255 motion, finding the following:

3

> The defendant make two arguments, both of which challenge his classification as an armed career criminal. His challenge to his status as an armed career criminal for sentencing purposes has already been rejected by the Third Circuit. United States v. Bradley, 505 F. App'x 220 (3d Cir. 2012). The defendant may not re-litigate in a petition under 28 U.S.C. §2255 the same issues that have been decided on direct appeal. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); United States v. Derewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). Furthermore, the Third Circuit has rejected the same arguments in similar cases. United States v. Schoolcroft, 879 F.2d 64, 73 (3d Cir. 1989); United States v. Tucker, 511 F. App'x 166, 170 (3d Cir. 2013).

Id.

On April 27, 2017, Bradley filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, arguing that in light of Mathis v. United States, 136 S.Ct. 2243 (2016); United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016); and Holt v. United States v. Mathis (No. 16-1793)(7th Cir. Dec. 13, 2016), his "sentence should be vacated for resentencing without the ACCA enhancement." (Doc. 2, Memorandum of Law).

II. **DISCUSSION**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e).

4

Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95,

97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

Most notably, however, is that sentencing enhancement challenges are

6

insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. In Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251–52; also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi); Rodriguez v. Warden Lewisburg USP, Nos. 15–3555, 15–3570, 2016 WL 1127869, at *2 (3d Cir. Mar. 23, 2016) (refusing to extend Dorsainvil exception to sentencing challenge under Alleyne v. United States, 133 S.Ct. 2151 (2013)).

In the instant action, Petitioner does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, Petitioner challenges the basis for his sentencing enhancement under the career offender guidelines, pursuant to United States v. Mathis, 136 S.Ct. 2243 (2016). He does not challenge his guilt on the underlying offense.

Bradley seeks to vacate and correct his sentence in light of Mathis. He cannot do so by means of a §2241 petition. Bradley offers no evidence that the United States Supreme Court or the Third Circuit has held that Mathis announced a new rule of law retroactively applicable to cases on collateral review. See Jackson v. Kirby, 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has decided whether Mathis is retroactively applicable on collateral review). Additionally, Bradley's present claim is not based on a contention that Mathis decriminalized the conduct which led to his conviction. Instead, he challenges the basis for his sentence and sentencing enhancement pursuant to Mathis. The Third Circuit Court of Appeals has not extended the limited Dorsainvil exception to include situations where a prisoner is challenging a sentence based on an intervening change in substantive law. Okereke, 307 F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)); Pearson v. Warden Canaan USP, 685 Fed.Appx. 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws", citing Okereke, 307 F.3d 117); Jackson v. Kirby, No. 17-4651, 2017 WL 3908868 (D.N.J. Sept. 6, 2017) (Mathis based sentencing enhancement claim

not properly asserted under §2241); Parker v. Warden FCI-Schuylkill, No. 17-0765, 2017 WL 2445334 (M.D. Pa. Jun. 6, 2017) (dismissing 2241 habeas petition on screening because Mathis based sentencing enhancement claim is not properly asserted under §2241). Thus, Bradley fails to demonstrate that his claim falls within the Dorsainvil exception. Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

Moreover, Bradley does not state that he has requested permission from the United States Court of Appeals for the Third Circuit for leave to file a successive petition. There remains that possibility that Bradley would be granted permission by the Court of Appeals to file a successive §2255 motion, if appropriate. Thus, the Court will dismiss Bradley's petition for a writ of habeas corpus under 28 U.S.C. §2241, without prejudice to any right Petitioner may have to seek leave to file a second or successive §2255 motion.

## III. Conclusion

Based on the foregoing, the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Petitioner will be **DISMISSED** for lack of

jurisdiction. An appropriate order follows.

                                                  s/ *Malachy E. Mannion*
                                                  **MALACHY E. MANNION**
                                                  **United States District Judge**

**Dated: August 30, 2019**
17-0707-01